# HAZEN v. VAN SENDEN.*

AFFIDAVITS OF DEFENSE; NEGOTIABLE INSTRUMENTS; FRAUD; INNOCENT
PURCHASER FOR VALUE.

1. Statements in an affidavit of defense, of affiant's belief, without a tender
of proof, are insufficient.

2. Where a promissory note was procured from the maker by the payee
by fraud and deception, nothing short of guilty knowledge of the
fraud or deception on the part of a subsequent indorsee for value
will defeat his right to recover upon it. Mere suspicion or knowl-
edge of circumstances that might excite suspicion, or even gross
negligence, is not sufficient. (Following *Hutchins* v. *Langley*, 27
App. D. C. 234.)

3. Statements in an affidavit of defense in an action by the last indorsee
of a promissory note against the maker, that "I am informed and be-
lieve and expect to prove at the trial, that the plaintiff became the
holder of said promissory note, if holder at all, in bad faith and with-
out any belief that it was a valid obligation of mine, and that the
plaintiff did not receive my note in the regular course of business,"—
are sufficient to entitle the defendant to a jury trial,—especially when
such averments are accompanied by others tending to show close
intimacy between the plaintiff and the original payee, who is the party
charged with the fraud, as well as knowledge on the part of the
plaintiff of the payee's alleged fraudulent method of transacting
business.

4. If the court on reading an affidavit of defense is convinced that it was
made in good faith, and that a doubt exists as to the right of the plain-
tiff to recover, summary judgment should not be entered in favor of
the plaintiff. (Following *Codington* v. *Standard Bank*, 40 App. D. C.
409.)

No. 2718.  Submitted January 5, 1915.  Decided February 1, 1915.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia, entered for

---

*\*Negotiable Instruments—Bona Fide Purchaser.*—The authorities passing
upon what circumstances are sufficient to put a purchaser of negotiable
paper on inquiry are reviewed in the notes to *Mee* v. *Carlson*, 29 L.R.A.
(N.S.) 351, and *McPherrin* v. *Little*, 44 L.R.A. (N.S.) 395.

want of a sufficient affidavit of defense, in an action by the last indorsee of a promissory note against the maker. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a summary judgment of the supreme court of the District of Columbia under the 73d rule, in an action brought by appellee Herman W. Van Senden, plaintiff below, on a promissory note made by defendant, Henry H. Hazen, to the order of the original payee.

Plaintiff alleges in his declaration and affidavit of merit that the payee indorsed the note to him, and "that he became the holder and owner of said note before maturity, and is now the sole owner and holder thereof in the ordinary course of business, for value." In the affidavit of defense, defendant sets out at great length and in detail facts charging gross fraud in the procurement of the note by the payee. It is contended, however, and seems to have been the conclusion reached by the court below, that the affidavit fails to allege facts which bring home to plaintiff guilty knowledge of the infirmities of the note as between defendant and the payee.

The portion of the affidavit of defense relative to plaintiff avers "that I did not learn of the existence of the aforesaid misrepresentations and suppressions by said Jesse until, partly in the latter part of April, and the balance during the month of May, 1914, in part shortly before, and the rest after, the filing of this suit, and that on May 22, 1914, I did through my counsel, as he informs me, and which information I believe, request the plaintiff, through his attorney of record, to advise me as to the exact particulars of the consideration, and the precise nature and character thereof, claimed to have been given by the plaintiff for the promissory note sued upon, and also as to what, if any, part of such consideration had been returned or repaid to the plaintiff in any way by anybody, but that my said request was denied, and the information requested has not been furnished; that I am credibly informed and believe, and expect to prove at the trial, that the plaintiff became the holder of said

promissory note, if holder at all, in bad faith and without any belief that it was a valid obligation of mine, and that the plaintiff did not receive my note in the regular course of business; that I verily believe from all the facts and circumstances that have come to my notice, including the plaintiff's refusal to acquaint me with the consideration claimed to have been given by him, that said Jesse and the plaintiff are acting in collusion in the prosecution of this suit against me, and that the plaintiff is lending himself, for a consideration, toward helping said Jesse extort from me, by and through the plaintiff, a recovery on said note which said Jesse could not himself secure, by reason of his fraud and the failure of consideration; that my said belief is further borne out by the fact, as I am credibly informed and believe, and expect to prove at the trial, that the plaintiff and said Jesse are intimate friends and constant associates and have been so for a great many years; further that said Jesse has been largely engaged during all of said period in perpetrating frauds in connection with various stock enterprises, and that the plaintiff during all of said period was well aware of the fact that the perpetration of frauds constituted to a large extent Jesse's business, notwithstanding which knowledge the plaintiff did not communicate with me in any way before his alleged acquisition of my promissory note, which acquisition he claims, as I am informed and believe, occurred just after the note was given, in the fall of 1913; that the first communication, oral or written, received by me from the plaintiff on the subject was shortly before this suit was brought, and consisted of a letter dated April 18, 1914, reciting: 'I am the owner of a note made by you to the order of George N. Jesse on October 30th last, due in six months after date. This note will mature on April 30th, and the amount due on the day of maturity will be $1,030.00.' "

*Mr. George E. Sullivan* for the appellant.

*Mr. Charles Poe* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It will be observed that much of this amounts only to an averment of the belief of the affiant, without a tender of proof of the facts. In other words, proof of defendant's belief would not bring him within the requirements of the rule, which provides that a defendant shall file, along with his plea, "an affidavit of defense denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim, in whole or in part."

An attempt to defeat a negotiable instrument in the hands of a third party for value imposes a heavy burden upon the one assailing its validity. Nothing short of guilty knowledge or wilful ignorance of the fraud or deception used in its procurement is sufficient to defeat the holder of the right of recovery. The following rigid rule was laid down by this court in *Hutchins* v. *Langley,* 27 App. D. C. 234, quoting from *Hotchkiss* v. *National Shoe & Leather Bank,* 21 Wall. 354, 22 L. ed. 645. A "party who takes negotiable paper before due for a valuable consideration, without knowledge of any defect of title, in good faith, can hold it against all the world. A suspicion that there is a defect of title in the holder, or a knowledge of circumstances that might excite such suspicion in the mind of a cautious person, or even gross negligence at the time, will not defeat the title of the purchaser. That result can be produced only by bad faith, which implies guilty knowledge or wilful ignorance, and the burden of proof lies on the assailant of the title."

Measuring the affidavit of defense in the present case by this rule, it would fail, but for the following averment: "That I am credibly informed and believe, and expect to prove at the trial, that the plaintiff became the holder of said promissory note, if holder at all, in bad faith and without any belief that it was a valid obligation of mine, and that the plaintiff did not receive my note in the regular course of business." This constitutes a tender to prove that plaintiff received the note in bad

faith, with guilty knowledge of the invalidity of the note, and that he did not receive it in due course. This averment, taken in connection with the other averments of the affidavit tending to show close intimacy between plaintiff and the original payee, as well as knowledge of payee's methods of transacting business, we think is sufficient to justify us in sending the case to trial.

This holding is in conformity with our interpretation of the proper application of the 73d rule, as stated by Mr. Justice Robb in *Codington v. Standard Bank*, 40 App. D. C. 409, as follows: "As we have many times suggested, the object of the 73d rule is to promote justice by preventing, so far as possible, fictitious defenses. It was, of course, never intended as a substitute for a trial. If, therefore, the court upon reading an affidavit of defense is convinced that it has been made in good faith, and that a doubt exists as to the right of plaintiff to recover, summary judgment ought not to be entered. *Lawrence v. Hammond*, 4 App. D. C. 467; *St. Claire v. Conlon*, 12 App. D. C. 161; *Patterson v. Barrie*, 30 App. D. C. 531; *Columbia Laundry Co. v. Ellis*, 36 App. D. C. 583."

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.                     *Reversed and remanded.*